1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Andrew Christopher Wentworth,

        Petitioner,

v.

Charles L. Ryan, *et al.*,

        Respondents.

No. CV-19-01551-PHX-JJT (MHB)

**ORDER**

Andrew Wentworth ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, "Petition.") At issue now is United States Magistrate Judge Michelle Burns's Report and Recommendation (Doc. 13, "R&R") in which she recommends denying and dismissing the Petition with prejudice, upon her conclusion on the merits that Petitioner is not entitled to habeas relief. Petitioner timely filed an Objection to the R&R (Doc. 14), and David Shinn ("Respondent") filed a Response thereto. (Doc. 15.) Although not permitted under the applicable rules of practice or procedure, and without leave of the Court, Petitioner filed a Reply to Objection (Doc. 16), which the Court nonetheless considered.

Thereafter, Petitioner filed a Motion to Stay the habeas proceeding to allow him time to raise and exhaust "new grounds" at the state level, which he would seek to add to this matter via an amended Petition. (Doc. 17.) Respondent opposes that Motion. (Doc. 18.) The Court considers the Motion here as well.

. . . .

In the R&R, Judge Burns correctly concluded that Petitioner's due process claim fails to meet the AEDPA requirements. The absence in A.R.S. § 13-1410—Arizona's criminal molestation statute—of an element requiring the state to prove sexual motivation for a defendant's act, and the trial court's decision not to instruct the jury that it had to find such intent in Petitioner's case, is not "contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court." 28 U.S.C. §2254(d). To the extent Petitioner relied on this Court's ruling in *May v. Ryan*, 245 F.Supp.3d 1145 (D. Ariz. 2017) to support his argument that the Arizona statute provided for impermissible burden-shifting, the Ninth Circuit reversed this Court earlier this year. 2020 WL 1492747 (9th Cir. March 27, 2020). Moreover, as Judge Burns correctly noted, even if this question were not so clearly settled, Petitioner did not show prejudice as required by *O'Neal v. McAninch*, 513 U.S. 432, 436, (1995). Petitioner's Objection simply repeats portions of his former arguments in conclusory fashion and does not erode or challenge Judge Burns's findings. The Court will adopt the R&R and dismiss the Petition.

The Court also will deny Petitioner's Motion insofar as it seeks a stay to allow him to exhaust other unspecified "new claims" at the state Court. To do so would be futile. The time that has passed since his conviction became final will bar him from filing a subsequent PCR request in state court, rendering his new issues unexhausted but procedurally defaulted. To the extent any issue Petitioner would seek to raise at the state court would be excepted from Rule 32.1's and Rule 32.2's time bar, he has failed to identify the issue to allow the Court to evaluate it, and therefore he has failed to overcome futility.

IT IS ORDERED adopting in whole the R&R (Doc. 13) submitted in this matter and overruling Petitioner's Objection. (Doc. 14.)

IT IS FURTHER ORDERED denying and dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

IT IS FURTHER ORDERED denying Petitioner's Motion to Stay. (Doc. 17.)

. . . .

. . . .

- 2 -

IT IS FURTHER ORDERED denying a certificate of appealability and leave to proceed *in forma pauperis*. Petitioner has not established actual prejudice arising from any alleged constitutional error. The Clerk of Court shall close this matter.

Dated this 9th day of December, 2020.

Honorable John J. Tuchi
United States District Judge